Ronald Aultman, Mays & Mays and Dave Miller, Chas. Mays, Jr., Fort Worth, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

WOODLEY, Judge.

The complaint and information upon which appellant was convicted allege that appellant did "unlawfully and wilfully injure and destroy the following: one plate glass, one plate glass mirror, three picture glass sets, one circle mirrow, in Fort Worth, Tarrant County, Texas, said property being then and there under the care, custody and control of Watler Rabb, the said act being then and there done without the consent of the said Walter Rabb and the said property being valued at less than $50.00."

Art. 1350 Vernon's Ann.P.C., § 1, under which the prosecution was instituted, reads as follows:

"It shall be unlawful for any person to wilfully injure or destroy, or attempt to injure or destroy, any property belonging to another, of any kind whatsoever, without the consent of the owner and lienholder, if any, thereon."

The allegation that the property was under the care, custody and control of Walter Rabb appears to have been accepted by the trial judge as a sufficient allegation of ownership, under the rule whereby one who exercises the actual care, control and custody of personal property is deemed in law to be the owner thereof.

Such allegation will not, however, suffice as an allegation that the property destroyed or injured by appellant was not his own, but belonged to another. The property described in the complaint and information might well have been owned by appellant, and yet have been under the care, custody and control of Walter Rabb.

The State concedes that the complaint and information are fatally defective because of the failure to allege that the property injured or destroyed belonged to another.

The complaint and information being fatally defective in the particular mentioned, the judgment is reversed and the prosecution ordered dismissed.

**Elmer Leon OWEN, Appellant, v. STATE of Texas, Appellee.**

**No. 26773.**

Court of Criminal Appeals of Texas.

Nov. 18, 1953.

No attorney on appeal, for appellant.

Wesley Dice, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was convicted for the offense of robbery, the penalty being assessed at 25 years.

Appellant has filed properly executed affidavit requesting that this appeal be dismissed. The request is granted and the appeal is dismissed.